# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00767-CV

---

### In the interest of Z. W.-M.

---

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-20-006091, THE HONORABLE JESSICA MANGRUM, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Dominique Jamal Williams appeals from the referring district court's November 7, 2024 order enforcing his child-support obligation, which approved and adopted the Title IV-D court's November 6, 2024 order. The Title IV-D court signed its order after conducting a hearing on an enforcement motion filed by the appellee Office of the Texas Attorney General (OAG) and various motions filed by Williams, including a challenge to the OAG's standing. The trial court denied some of Williams's motions and referred others back to the referring district court. The trial court found Williams in contempt for failure to pay his child-support obligation and ordered him committed to the county jail for 180 days and until he paid $1,000 in arrearages. The trial court ordered a conditional release upon Williams's posting a cash bond of $1,000. The trial court also found and confirmed that Williams was in arrears on child support in the amount of $19,873.33 as of October 31, 2024, and ordered Williams to pay that judgment by paying $100 per month.

On appeal, Williams challenges the trial court's orders on contempt, including the lack of an ability-to-pay hearing before the imposition of punitive measures; the denial of

consolidation of his motions for custody modification with the child-support enforcement proceeding and the trial court's failure to act on his custody-modification motions; and the OAG's standing. We conclude that we lack jurisdiction over Williams's challenges to the trial court's orders on contempt. We affirm the trial court's order denying consolidation of Williams's custody-modification motions with the enforcement proceeding. We affirm the trial court's ruling in its final order that the OAG has standing to bring an enforcement action against Williams.

## BACKGROUND

Williams shares a child with Gabrielle McAdoo. Williams initiated a suit affecting the parent-child relationship (SAPCR) in November 2020. In the November 2022 final order on that petition, the trial court made a finding that Williams's net resources per month were $3,400, and accordingly, the court ordered him to pay $680 per month in support. The trial court also found that Williams had not supported the child for the prior three years, and therefore, it ordered him to pay an additional $5,000 in back child support at the rate of $150 per month. The trial court also ordered withholding for child support by any employer of Williams from Williams's disposable earnings.

The final order also named the parents as joint managing conservators and awarded McAdoo the right to designate the child's primary residence. The order established that Williams's possession and access to the child is governed by the terms of the standard possession order.

In April 2023, the OAG filed a Notice of OAG as Necessary Party, pursuant to Texas Family Code Chapter 231. The notice informed all parties that this is a Title IV-D case

2

and that the OAG is a necessary party under state and federal law. On May 31, 2024, the OAG filed a motion for enforcement and modification of support order. Williams owed slightly over $17,000 in child-support arrears at the time the OAG filed its motion. The OAG expressly sought contempt with confinement. Williams was properly served with the motion on July 11, 2024.

Williams filed a motion for enforcement of possession-and-access order against McAdoo on July 23, 2024. Williams alleged denial of visitation and failure to disclose contact information. He also filed various responses to the OAG's enforcement motion and filed other motions of his own, including a special appearance; a motion to modify conservatorship, alleging parental alienation against McAdoo, and also moving to consolidate, to transfer venue, and to stay; motions to void and other challenges to the initial support order; and a challenge to the OAG's standing.

On September 11, 2024, the trial court held a show-cause hearing for the OAG's enforcement motion. It issued an order finding that it had determined incarceration of Williams could result from the proceeding and that it had advised him of the right to be represented by counsel. The court further found that Williams is indigent, and therefore, it appointed counsel to represent him at "trial on the merits" of the cause. It set the cause for trial on November 6, 2024. After the November 6 hearing at which all parties appeared and at which Williams was represented by court-appointed counsel, the Title IV-D court rendered its November 6, 2024 order on the OAG's enforcement motion. The trial court found Williams in contempt for failure to pay the child-support obligation and ordered him committed to the county jail for 180 days and until he paid $1,000 in arrearages. The court ordered a conditional release upon Williams's

posting a cash bond of $1,000. The order also granted a child-support judgment of $19,873.33 against Williams to be paid back at $100 per month.[1]

In addition, the trial court denied Williams's special appearance, his untimely objection to the associate judge regarding the motion for enforcement, and his objection to the OAG's standing. The trial court referred the following issues back to the referring district court, in part because Williams had failed to properly set many of them for hearing:

- all of Williams's motions regarding modification of conservatorship and the OAG's responses to those motions;

- Williams's motions to void the initial support order; and

- all of Williams's other challenges to the court's orders and the OAG's response to them.

The referring district court adopted the Title IV-D court's proposed enforcement order on November 7, 2024.

This appeal followed.

**ANALYSIS**

Williams challenges the trial court's order in four issues. In his first issue, he challenges the trial court's contempt order. In his second issue, he asserts he was not given reasonable notice of the enforcement hearing and that his motion for an ability-to-pay hearing was not considered by the trial court. In his third issue, he argues that the trial court abused its discretion by failing to consider his custody-modification motion. In his fourth issue, he

---

[1] The OAG nonsuited its modification request.

4

contends that the trial court erred by disregarding his motion asserting that the OAG lacked standing to pursue the enforcement action.

**Jurisdiction over this appeal**

As an initial matter, the OAG contends that because the challenged enforcement order does not dispose of all of Williams's claims, it is not a final and appealable order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating "general rule" that "an appeal may be taken only from a final judgment"); *see also In re R.R.K.*, 590 S.W.3d 535, 544 (Tex. 2019) (holding that if order lacks "unmistakable language of finality—that it resolves all claims between and among all parties and is final and appealable," reviewing court should examine record to determine trial court's intent regarding order's finality). Therefore, it argues that we should dismiss the appeal for want of jurisdiction because the order is not one that is subject to an interlocutory appeal under Texas Civil Practice & Remedies Code Section 51.014. We agree, as discussed below, that the referral of certain motions to the referring district court means that not all claims were disposed of by this order. However, based on our review of the record, we conclude that the Title IV-D court's order on the OAG's enforcement motion was a final and appealable order as to that motion. *See Lehmann*, 39 S.W.3d at 195 (explaining that "[b]ecause the law does not require that a final judgment be in any particular form, whether a judicial decree is a final judgment must be determined from its language and the record in the case").

Here, the Title IV-D court disposed of all claims in the OAG's motion to enforce the November 2020 final SAPCR order on child support. In addition to seeking to have Williams held in contempt and punished by commitment to the county jail and to be committed

until he paid "a designated amount towards support arrearage, accrued interest, reasonable attorney's fees, and court costs," the OAG's motion requested that the court confirm and enter judgment for all support arrearage and accrued interest as of the court-proceeding date. The motion attached evidence of the payment record showing the dates of Williams's violations of the child-support order. It further requested the Title IV-D court to order payment and income withholding to liquidate the judgment under Texas Family Code Chapters 157 and 158. It requested that the court order all support withheld from disposable earnings.

The November 2024 order resolved all of these claims. The order confirmed a cumulative money judgment for the amount of child support owed. *See* Tex. Fam. Code § 157.263. The order noted that the OAG had nonsuited its request for a modification of the support order and abandoned its request for attorneys' fees. In addition, it resolved jurisdictional issues raised by Williams, denying his special appearance and denying his objection to the OAG's standing. Finally, it ordered that "all motions filed by [Williams] regarding modification of conservatorship and other challenges to the court orders, along with the [OAG's] responses to same are REFERRED back to the referring court for hearing on those pleadings." *See id.* § 201.104(c) ("An associate judge may recommend to the referring court any order after a trial on the merits.").

The referring court approved and adopted the Title IV-D associate judge's proposed order as the order of the court. Because the order found Williams in contempt and rendered a cumulative money judgment for the amount of child support owed and referred the modification issues raised by Williams back to the district court, we conclude that the court intended for the November 2024 order to operate as a final judgment on the OAG's motion to enforce child support.

**No appellate jurisdiction over contempt order**

We address Williams's first and second issues together because both concern the trial court's order holding Williams in contempt for his failure to pay court-ordered child support.[2] This Court lacks jurisdiction over appeals from contempt judgments. *See Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) ("A contempt judgment is reviewable only via a petition for writ of habeas corpus (if the contemnor is confined) or a petition for writ of mandamus (if no confinement is involved)."); Tex. R. App. P. 52 (governing original proceedings, including petitions for writ of habeas corpus and writ of mandamus). Decisions in contempt proceedings cannot be reviewed on appeal because contempt orders are not appealable, even when appealed along with a judgment that is appealable. *Cadle*,

---

[2] Williams also asserts in his first issue that the trial court erred by suspending his professional HVAC license without due process. We note that the trial court did not render any orders related to Williams's HVAC license in the November 2024 order that he challenges in this appeal. Williams does not provide any record citation to any trial court's order suspending his license. The OAG informs this Court that Williams's license renewal was administratively denied pursuant to Family Code Section 232.0135, and Williams failed to exhaust his administrative remedies provided in Section 232.0135(d). We conclude that Williams did not preserve this issue for appeal. *See* Tex. R. App. P. 33.1(a). Williams similarly complains in his second issue about unsigned income-withholding orders being void and thus not a proper basis for the OAG's enforcement action. Again, he fails to provide any record citation to the allegedly void orders, and again, the OAG informs us that the complained-of orders were issued by the OAG pursuant to its authority in Family Code Section 231.002(e). *See* Tex. Fam. Code § 231.002(e) (listing various administrative actions that OAG as Title IV-D agency may take without obtaining order from other judicial or administrative tribunal). The OAG further informs us that Williams failed to exhaust his administrative remedies provided in Section 158.506. *See id.* § 158.506 (establishing procedure for obligor to contest administrative writ of withholding). We conclude that Williams also failed to preserve this issue for appeal. *See* Tex. R. App. P. 33.1(a).

50 S.W.3d at 671. Accordingly, we dismiss this portion of Williams's appeal for want of jurisdiction.[3]

**No abuse of discretion to refer custody-modification motions back to district court**

In his third issue, Williams asserts that the trial court abused its discretion by not consolidating his custody-modification motions with the child-support enforcement proceeding and by disregarding his parental-alienation allegations.

We review a trial court's decision on a motion to consolidate for an abuse of discretion. *See Owens-Corning Fiberglas Corp. v. Martin*, 942 S.W.2d 712, 716 (Tex. App.—Dallas 1997, no writ). Rule 174 of the Texas Rules of Civil Procedure governs the consolidation of actions. Rule 174(a) establishes that

> [w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Tex. R. Civ. P. 174(a). Thus, Rule 174 gives the trial court broad discretion to consolidate cases with common issues of law or fact, but it does not require consolidation. *See Owens-Corning*, 942 S.W.2d at 716.

The Title IV-D court stated on the record that it was referring Williams's motion to modify possession and conservatorship back to the district court because the matter was not a Title IV-D function but instead was a matter that should be heard by the district court. It also

---

[3] After filing this appeal, Williams subsequently filed a petition for writ of mandamus in this Court, challenging the trial court's contempt order and raising similar issues. The Court denied that petition for writ of mandamus. *See In re Williams*, No. 03-25-00415-CV, 2025 WL 1942940, at *1 (Tex. App.—Austin July 16, 2025, orig. proceeding) (mem. op.).

referred Williams's other motions to the district court for the same reason or because they had not been properly set before the Title IV-D court. The trial court did not act without reference to any guiding rules or principles or in an arbitrary or unreasonable manner by not consolidating the modification motions with the enforcement proceeding or by referring those motions to the district court.[4] *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We overrule Williams's third issue.

**OAG had standing to pursue the enforcement action**

In his fourth issue, Williams asserts that the trial court erred by disregarding his motions contesting the OAG's standing to intervene in the case and pursue enforcement actions. However, the trial court heard argument on the OAG's standing at the enforcement hearing, and it denied Williams's objection to the OAG's standing in the enforcement order.

Standing is a question of law that we review de novo. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). Although Williams broadly states that "the OAG's actions in this case overstepped its legal role and were not in line with the statutory requirements," he fails to articulate how the OAG took any actions outside those it is statutorily authorized to take.[5]

The Texas Legislature has granted the OAG standing to establish, modify, and enforce child-support orders in the following Family Code provisions:

---

[4] Williams requests that we remand the case for a hearing to address the parental-alienation issue and his request for custody modification. We note that because the Title IV-D court referred these matters back to the district court, Williams may pursue a hearing on those motions in the district court.

[5] We note that Williams does not provide a record reference to any written objection made to the OAG's standing, and we have found no written argument on the OAG's standing in the record. As noted above, the trial court allowed argument on this issue at the hearing.

9

- Texas Family Code Section 231.001 designates the OAG as the state's Title IV-D agency;

- Texas Family Code Section 102.007, entitled "Standing of Title IV-D Agency," expressly provides that the Title IV-D agency "may file a child support action authorized under this title, including a suit for modification or a motion for enforcement";

- Subsections (a)(1)-(3) of Texas Family Code Section 231.101 establish that the Title IV-D agency may provide paternity-determination services and establish child support and medical and dental support;

- Subsections (a)(4)-(5) of Texas Family Code Section 231.101 allow the Title IV-D agency to review, adjust, and enforce child-support orders; and

- Subsection (a)(6) of Texas Family Code Section 231.101 allows the Title IV-D agency to collect and distribute child-support payments.

In the absence of any argument or evidence presented by Williams explaining how the OAG acted outside its statutory authority, we cannot conclude that the OAG lacked standing to bring its enforcement motion against Williams.[6] We overrule Williams's fourth issue.

---

[6] We note that Williams does not directly challenge the child-support arrearage judgment in any issue presented, but in his prayer for relief, he seeks reversal of "any child support arrears calculations made without a proper ability-to-pay hearing." The inability to pay is "an affirmative defense to an allegation of contempt," not a defense to the amount of arrears owed. *See* Tex. Fam. Code § 157.008(c) (establishing availability of affirmative defense); *see also In re J.S.H.*, No. 06-09-00101-CV, 2010 WL 1568463, at *4 (Tex. App.—Texarkana Apr. 21, 2010, no pet.) (mem. op.) ("To conclude that the affirmative defense (e.g., the inability to pay) to an allegation of contempt . . . can also be utilized as an offset against a claim of support is an improper mixing of remedies."). "[A]lthough the amount of arrearages is subject to a counterclaim for offset, the trial court has no authority to reduce or modify the amount of arrearages in rendering judgment." *In re J.S.H.*, 2010 WL 1568463, at *3. We further note that Williams's court-appointed attorney acknowledged on the record that Williams had not filed any affirmative-defense pleadings. On this record, we cannot conclude that the trial court erred by confirming the amount of the arrearages and rendering one cumulative money judgment without conducting an inability-to-pay hearing. *See* Tex. Fam. Code § 157.263.

## CONCLUSION

Because we conclude we lack jurisdiction over the trial court's contempt order, we dismiss for lack of jurisdiction Williams's appeal from that order. Having overruled Williams's third and fourth issues, we affirm the trial court's denial of the motion to consolidate Williams's custody-modification motions with the enforcement action and its ruling that the OAG has standing to bring a child-support enforcement action against Williams.

_____

Gisela D. Triana, Justice

Before Justices Triana, Theofanis, and Crump

Affirmed in part; Dismissed for Want of Jurisdiction in part

Filed: August 28, 2025

11